UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **ROGER M HERRING ET AL** | **CASE NO. 3:20-CV-00745** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **RHONDA BEARD ET AL** | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court, are two motions. The first is a motion to substitute the United States (sometimes referred to as "the Government") as the proper defendant in this case. [doc. # 5]. The second is a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). [doc. # 6]. For reasons that follow, the motion to substitute is GRANTED and it is recommended that the motion to dismiss be GRANTED.

### Background

On May 8, 2020, plaintiffs Roger M. Herring and Jessica Herring filed suit in the Fourth Judicial District Court, Morehouse Parish, Louisiana, against defendants Rhonda Beard, Tamatha Hawkins, and Morehouse Community Medical Centers, Inc. [doc. # 1 at Ex. A]. The lawsuit arises from Beard and Hawkins's care and treatment of Roger Herring at Morehouse Community Medical Centers, Inc. from February 16, 2019, to April 18, 2019. *Id*. The plaintiffs allege negligence and medical malpractice claims against the defendants. *Id*. The United States removed the matter on June 12, 2020. [doc. # 1].

Plaintiffs did not file a response to either motion, and the time to do so has lapsed. [doc. # 7]. Thus, the motions are deemed unopposed. *Id*.

### Law and Analysis

1

### I. The motion to substitute

The United States asserts, and the United States Attorney certified, that Beard and Hawkins were in the course and scope of their employment with the Morehouse Community Medical Centers, Inc. at the time of the alleged conduct. [doc. # 5-1]. The court agrees that, pursuant to 28 U.S.C. § 2679(d), once the Government has certified that federal employees were acting within the course and scope of their employment, the sole remedy available to plaintiffs asserting tort claims is a suit against the United States under the FTCA. *Hui v. Casteneda*, 559 U.S. 799 (2010); *McLaurin v. U.S.*, 392 F.3d 774, 777 (5th Cir. 2004). Accordingly, the motion to substitute is granted.

### II. The motion to dismiss

The Government asserts that plaintiffs failed to present their claims to the appropriate federal agency for disposition prior to filing suit as required by 28 U.S.C. § 2675(a).

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). "Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County,* 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir. 1981))

The United States, as sovereign, is immune from suit except in the manner and degree sovereign immunity is waived. *United States v. Testan,* 424 U.S. 392, 96 S.Ct. 948 (1976). In the absence of an express congressional waiver of immunity, an action against the United States or its

agencies does not fall within the judicial power of the federal courts. *See Glidden Co. v. Zdanok,* 370 U.S. 530, 82 S.Ct. 1459 (1962).

Under the FTCA, "the district courts. . . shall have exclusive jurisdiction of civil actions on claims against the United States". . .for certain torts of federal employees acting within the scope of their employment. *See* 28 U.S.C. §§1346(b) & 2671. The FTCA establishes the exclusive remedy for tort claims arising out of the actions of the federal government and its employees. 28 U.S.C. § 2679. The Act provides a limited waiver of sovereign immunity, and suits filed thereunder must be filed in exact compliance with its terms. *Childers v. United States,* 442 F.2d 1299, 1303 (5th Cir. 1971).

The FTCA provides that,

[a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).

The purpose behind the FTCA's administrative exhaustion requirement is to provide a claimant with "a meaningful opportunity to resolve the matter without the necessity of judicial intervention." *Montoya v. United States,* 841 F.2d 102, 104 (5th Cir. 1988). Administrative exhaustion is a jurisdictional prerequisite to filing suit against the government under the FTCA. *Gregory v. Mitchell*, 634 F.2d 199, 203-4 (5th Cir. 1981). In other words, failure to exhaust administrative remedies deprives the court of subject matter jurisdiction. *See Cook v. United States on behalf of U.S. Dept. of Labor*, 978 F.2d 164 (5th Cir. 1993).

Here, it is uncontroverted that plaintiffs did not file an administrative claim with the Department of Health and Human Services, the appropriate federal agency in this matter. *See* Declaration of Meredith Torres [doc # 6-2]. Therefore, the instant suit is premature and the matter should be dismissed for lack of subject matter jurisdiction.

## Conclusion

IT IS ORDERED that the United States' motion to substitute [doc. #5] is GRANTED.[1]

IT IS RECOMMENDED that the motion to dismiss for lack of subject matter jurisdiction [doc. # 6] be GRANTED.

Under the provisions of 28 U.S.C. '636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

---

[1] As this motion is not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

In Chambers, at Monroe, Louisiana, this 6th day of August 2020.

*[signature: Karen L. Hayes]*

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE